IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 02-551-1 |
| v. : | |
| : | |
| DAMON ANDRE DILL : | |

GOVERNMENT'S RESPONSE TO THE DEFENDANT'S 2255 MOTION AND PETITION
FOR ENTRY OF A DEFAULT JUDGMENT AGAINST THE UNITED STATES

The United States of America, by its attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Jason P. Bologna, Assistant United States Attorney, submits the following response to Petitioner/defendant Damon Dill's *pro se* Motion to Vacate, Set Aside, or Correct Sentence and Dill's *pro se* Petition for Entry of a Default Judgment. For the reasons detailed below, Dill's motion and petition should both be denied.

### I.  PROCEDURAL HISTORY

On September 5, 2003, the district court sentenced Damon Andre Dill to 322 months in prison, 6 years of supervised release, and a $300 special assessment following his convictions for possession of a firearm by a convicted felon, pursuant to 18 U.S.C. § 922(g)(1), possession of a firearm in furtherance of a drug trafficking crime, pursuant to 18 U.S.C § 924(c)(1), and possession of cocaine with the intent to distribute, pursuant to 21 U.S.C. § 841(b)(1). Dill's attorney filed a timely appeal and challenged the sufficiency of the evidence. In a supplemental *pro se* brief, Dill challenged the district court's assignment of criminal history points for each of his four prior drug convictions. On November 24, 2004, the Third Circuit Court of Appeals entered a Final Judgment affirming Dill's conviction and sentence. United States v. Dill, 112 Fed. Appx. 846 (3d Cir. 2004). A certified copy of the Final Judgment was

sent to Dill.

On February 10, 2006, Dill filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Because this motion was not properly filed, on March 6, 2006, the district court ordered the clerk to provide Dill with a blank copy of the proper 28 U.S.C. § 2255 form, and, further ordered that Dill had thirty days to submit his motion. On March 16, 2006, Assistant United States Attorney Francis C. Barbieri, Jr., wrote the district court a letter advising that he had been assigned this matter, and that consistent with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the government would await the Court's order before responding to Dill's motion.

On April 4, 2006, Dill properly submitted a *pro se* motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. The motion raised the following allegations: (1) that Dill was denied effective assistance of counsel when his attorney (Nino Tinari) failed to file a writ of certiorari to the United States Supreme Court; (2) that Dill was denied effective assistance of counsel when his attorney failed to move for a judgment of acquittal at the end of the defense evidence; (3) that Dill was denied effective assistance of counsel when his attorney withheld a key witness - the registered gun owner - who could have proved Dill's innocence; and (4) that Dill was actually innocent because a key witness - the registered gun owner - provided an affidavit stating that Dill did not know that the gun was in the residence where Dill was arrested.

On April 17, 2006, the district court ordered the Government to respond Dill's *pro se* motion within thirty days. This order was apparently sent to Mark Fetterman or Maureen Barden, the Assistant United States Attorneys who were listed as representing the government on the criminal docket. Mr. Barbieri, the attorney who was actually assigned to the case, never

2

received the district court's order.  Finally, on March 17, 2008, Dill filed a motion seeking the entry of a default judgment against the United States for failing to answer his *pro se* Section 2255 motion.  The government now responds both to Dill's 2255 motion and his request for a default judgment.

## II.  ARGUMENT

A.  <u>DILL'S SECTION 2255 MOTION FAILS  ON ITS MERITS</u>.

    1.  <u>The failure to renew Dill's Rule 29 motion at the close of the evidence did not render's make Dill's attorney constitutionally ineffective.</u>

An ineffective assistance of counsel claim has two components.  "First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense."  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  In particular, prejudice requires "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  <u>Id.</u>  In reviewing claims of ineffective assistance of counsel, the court must decide the reasonableness of counsel's conduct "on the facts of the particular case, viewed as of the time of counsel's conduct."  <u>Id.</u> at 690.  Moreover, the review of "counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence[.]"  <u>Id.</u> at 689.

On appeal to the Third Circuit, Dill challenged the sufficiency of the government's evidence.  The government responded by noting that defense counsel had failed to

raise a Rule 29 motion at the close of all of the evidence and therefore, based on United States v. Wright-Barker, 784 F.2d 161, 170-171 (3d Cir. 1986), the appellate court should review the defendant's sufficiency of evidence argument under a plain error standard of review.  The Third Circuit Court of Appeals agreed that plain error was the proper standard of review and found against Dill on the sufficiency of the evidence claim.  Dill, 112 Fed. Appx. at 847.

In his current pleading, Dill attempts to leverage his prior lack of success by claiming that his attorney's failure to renew his Rule 29 challenge at the close of the evidence amounted to ineffective assistance of counsel.  This effort fails in view of the fact that Dill suffered no prejudice as a matter of law.

When the government concluded its case in chief at Dill's trial, Dill's defense counsel moved for a judgment of acquittal under Rule 29.  That motion was denied.  App. 3/11/03 at 124-125.  Thereafter, the defense presented a brief stipulation concerning who purchased the gun, when it was purchased, and from where it was purchased.  The defense then rested without calling a single witness.  App. 3/11/03 at 126-127.  Thus, the state of the record at the close of all of the evidence was substantially the same as it was at the close of the government's case.  The addition of the stipulation did not in any way undermine the defendant's connection to the room in which he was arrested and the house with which he was associated, nor did it alter the fact that a gun was found in the room in which the defendant was found sleeping, and that a massive quantity of drugs were found in the house that the defendant was shown to be strongly connected with.  Given these facts, and given that this Court denied the defendant's motion for judgment of acquittal at the close of the government's case, it is virtually certain that, had this Court been presented with a Rule 29 motion at the close of all of the evidence it would

likewise have denied that motion.

A defendant seeking to demonstrate the ineffectiveness of his counsel bears the burden of demonstrating prejudice.  Fischetti v. Johnson, 384 F.3d 140, 155 (3d Cir. 2004). Here, not only has Dill failed to meet his burden, but the record actually establishes that this Court would have ruled against a Rule 29 motion had it been made.

Dill, of course, contends, that he was prejudiced in his appeal by virtue of his trial counsel's purported error.  Dill maintains that he faced a plain error standard of review for his sufficiency of the evidence challenge due to his attorney's failure to renew the Rule 29 motion. Once again, however, Dill bears the burden of establishing prejudice.  Thus, Dill would have to show that, had he faced a different standard of review, the outcome in the Third Circuit would have been different.

In fact, even in the absence of plain error review, the standard of review of a claim of insufficiency of the evidence is rigorous.  "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecutor, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt ... . This familiar statement gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution.  The criterion thus impinges upon 'jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law."  Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original; footnotes

omitted).  The Court may not weigh the evidence or substitute its opinion for that of the jury. United States v. Caspar, 956 F.2d 416, 421 (3d Cir. 1992); United States v. Giampa, 758 F.2d 928, 934-35 (3d Cir. 1985).  The Court also may not assess the credibility of witnesses, a function that rests with the jury.  Caspar, 956 F.2d at 421.  Rather, the court is limited to determining whether the fact finders made a permissible conclusion.

Consequently, even in the absence of plain error review, an appellate court may overturn a jury's verdict only where the record contains no evidence from which a rational jury could have concluded beyond a reasonable doubt that the defendant committed the crimes charged.  United States v. Voigt, 89 F.3d 1050, 1080 (3d Cir. 1996); United States v. Salmon, 944 F.2d 1106, 1113 (3d Cir. 1991); United States v. Coleman, 811 F.2d 804, 807 (3d Cir.1987); United States v. Ashfield, 735 F.2d 101, 106 (3d Cir. 1984).  Ultimately, a defendant's challenge of the sufficiency of the evidence should be sustained only where "the prosecution's failure is clear."  United States v. Smith, 294 F.3d 473, 476 (3d Cir. 2002), quoting United States v. Leon, 739 F.2d 885, 891 (3d Cir. 1984).  Indeed, "[o]nly when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt, may an appellate court overturn the verdict."  United States v. McNeill, 887 F.2d 448, 450 (3d Cir. 1989), quoting Brandom v. United States, 431 F.2d 1391, 1400 (7th Cir. 1970).

In this case, the government presented substantial evidence that the defendant exercised constructive possession of the gun found in the room in which he was arrested as well as the drugs found in the house with which he was associated.  That evidence, detailed in the Third Circuit's non-precedential opinion, included the fact that the defendant was found sleeping only feet from the gun, clip and ammunition and that the defendant's identification documents,

which tied him to the same house in which he was arrested, were also found at that same time. Given the record in this case, even in the absence of plain error review, the outcome would doubtless have been the same. At a minimum, Dill has failed to establish that he was in any way prejudiced by his attorney's alleged error in failing to renew his Rule 29 motion at the close of all of the evidence.

>    **2.    Dill's attorney was not ineffective for failing to call the registered gun owner as a defense witness at trial and Dill has failed to establish**

Dill claims that his attorney was constitutionally ineffective for failing to call the registered owner of the gun he was charged with possessing as a defense witness at his trial. According to Dill, this owner has executed an affidavit which is exculpatory to Dill and which was filed with the Court.[1] However, as outlined below, the circumstances surrounding this witness were such that no reasonable defense attorney could have called him, for both tactical and practical legal reasons. As such, as a matter of law, Dill's attorney was not ineffective for failing to call the registered gun owner as a witness, and Dill's motion must be denied.

On the first day of trial, the government identified Robert Johnson as a potential government witness, and noted that Johnson gave a statement that had been provided to the

---

[1] The government has searched PACER for this affidavit to no avail. Likewise, the government has been unsuccessful in locating the affidavit in the official Court's file. The government also has no record of having been served with such an affidavit by Dill. Given, however, the fact that the Court's order directing a response to Dill's original Section 2255 motion did not reach the assigned AUSA, the government cannot conclusively maintain that service was not made. In any event, as demonstrated in the text, the circumstances surrounding this particular witness establish that he could in no event have been called as a defense witness at trial. As such, while the particulars of his affidavit may give rise to independent bases on which to deny Dill's motion, they cannot provide a basis on which to grant his motion. Therefore, the government seeks leave to supplement this response if, and when, it obtains a copy of the affidavit.

defense in discovery.  App. 3/10/03 at 11-12.  The statement reported that Johnson was the registered owner of the gun found in Dill's possession, that Johnson was on probation in Delaware County, Pennsylvania, and that the probation was a motivating factor "for giving the gun or transferring his possession to Mr. Dill."  Id.  Johnson's statement thus inculpates Dill; it does not exculpate him.

Because Johnson had potential 5th Amendment issues, the district court appointed Felicia Sarner, Esq., as counsel for Mr. Johnson.  Ms. Sarner informed the Court that Johnson would assert his 5th Amendment rights if called as a witness.  Id. at 16.  At this point, before the trial had begun, defense counsel advised the court it was "possible" that Johnson would be called as a defense witness.  Id. at 17.  Johnson ultimately was not called as a witness at trial; rather, a brief stipulation was entered as part of the defense case that Johnson had purchased the firearm at Target Master, located in Chadds Ford, Pennsylvania, on December 29, 1999.  App. 3/11/03 at 126-127.

Dill's present claim, that his counsel was ineffective for failing to call the registered gun owner; and Dill's related claim that the registered gun owner proves he is innocent, are both completely undermined by this record.  No rational defense attorney could have called Johnson as a defense witness because Johnson gave a statement admitting that he gave Dill the gun because he (Johnson) was on probation.  This evidence would be devastating to the defense case.  Furthermore, even if a defense attorney wanted to call Johnson as a defense witness, it became impossible to do so once Johnson decided to invoke his 5th Amendment rights if called to the witness stand.  A witness becomes unavailable once he or she "is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of the

declarant's statement[.]" Fed.R.Evid. 804(a)(1). Hence, Johnson was legally unavailable to the defense as a witness.

On this record, Dill has failed to show that his attorney's conduct fell below professional norms, much less that it constituted errors so serious that his attorney was not functioning as "counsel." Likewise, he has not shown how he has been prejudiced. Given that the "owner," of the gun asserted his 5th Amendment rights at the time of Dill's trial, even if Dill's counsel had called him, Dill cannot demonstrate that anything materially advantageous would have resulted.

Similarly, and particularly in the absence of the owner's affidavit, the defendant has failed to demonstrate how that information is material; how and when he came into possession of that information; and why that information was not available to him at the time of his trial, particularly given the fact that the witness was known to him. In the absence of answers to these questions, the defendant is not entitled to even to an evidentiary hearing.

### 3. The failure to file a writ is not grounds for relief

Dill alleges defense counsel failed to file a writ of certiorari to the United States Supreme Court, but makes no allegation in his motion that he asked his attorney to do so. Moreover, while Dill alleges that the failure to file the writ prejudiced his sentencing argument, he ignores the conclusion of the Third Circuit Court of Appeals that his sentencing argument was "without merit." Dill, 112 Fed.Appx. at 849. If the sentencing argument was without merit, so, too, is Dill's claim that his attorney was ineffective for failing to pursue that issue with a writ of certiorari to the United States Supreme Court. See United States v. Ferrell, 730 F.Supp. 1338, 1340 (E.D. Pa. 1989) (failure to notify defendant of his right to appeal to the Supreme Court did

not constitute ineffective assistance of counsel); <u>United States v. Lena</u>, 670 F.Supp. 605, 613-14 (E.D. Pa. 1987) (ineffective assistance of counsel claim for failure to seek a writ of certiorari was "totally devoid of merit").

**B.     A CERTIFICATE OF APPEALABILITY SHOULD NOT ISSUE.**

Upon the denial of a Section 2255 motion by the district court, an appeal to the Court of Appeals by Dill is not permitted unless he obtains a certificate of appealability. 28 U.S.C. § 2253. The law permits the issuance of a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The application for such a certificate should first be made to the District Court.

Local Rule 22.2 provides as follows:

> At the time a final order denying a petition under 28 U.S.C. § 2255 is issued, the district judge shall make a determination as to whether a certificate of appealability should issue. If the district judge issues a certificate, the judge shall state the specific issue or issues that satisfy the criteria of 28 U.S.C. § 2253. If an order denying a petition under § 2254 or § 2255 is accompanied by an opinion or a magistrate judge's report, it is sufficient if the order denying the certificate references the opinion or report.

The Third Circuit has further instructed that "as a matter of practice . . . an unsuccessful movant in a § 2255 case should in the first instance seek a certificate of appealability from the district court." <u>United States v. Williams</u>, 158 F.3d 736, 742 n.4 (3d Cir. 1998).

Accordingly, in the interests of judicial economy, the government requests that in addition to denying the instant petition this Court also find that Dill has failed to make a substantial showing of a denial of any constitutional right.

In order to present a "substantial showing of a denial of any constitutional right," in order to justify an appeal, the mere allegation of a constitutional wrong, such as deprivation of the right to effective counsel, is insufficient; a defendant must make a substantial showing of such an error in order to present an appeal. Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996).

To establish the required showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Further, the claim must be constitutional in nature; there may be no certificate of appealability for an issue which presents only a statutory or sentencing guidelines question. United States v. Cepero, 224 F.3d 256, 262-68 (3d Cir. 2000) (en banc), cert. denied, 121 S. Ct. 861 (2001).

For the reasons stated above, Dill has not made the required showing, and therefore a certificate of appealability should be denied. The absence of merit of Dill's constitutional claims is plain, and not debatable.

C.      **THE PETITION FOR DEFAULT JUDGMENT SHOULD BE DENIED**

As outlined above, this Court's order directing the government to respond did not reach the assigned Assistant United States Attorney (AUSA). Accordingly, the assigned AUSA was not aware of the order. Pursuant to Federal Rule of Civil Procedure 55(e), default judgments are not supposed to be entered against the United States for mere procedural flaws. See Turner v. Reich, 1994 WL 709361 (E.D. Pa. 1994) at *1. Rather, it is a drastic remedy, that is to be resorted to only "in very extreme circumstances." Id.

Here, Dill is serving a 322 month sentence. He has filed a motion under Section

2255 with no obvious facial merit, and has demonstrated no prejudice. Although the government's response is late, the delay is unintentional and provides the government with no tactical or other advantage. Dill's petition for a default judgment should, therefore, be denied.

### III.  CONCLUSION

For all the reasons set forth in this motion, the government respectfully requests that the Court deny Dill's Motion to Vacate, Set Aside, or Correct Sentence and Dill's Motion for a Default Judgment.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney


_____
FRANCIS C. BARBIERI, JR.
Chief, Firearms Section


_____
JASON P. BOLOGNA
Assistant United States Attorney

CERTIFICATE OF SERVICE

       I certify that a copy of the Government's Motion was served on Damon Andre Dill through First Class Mail on the following address:

> Damon Andre Dill 56722-066
> FCI Allenwood Low
> Federal Correctional Institution
> P.O. Box 1000
> White Deer, PA 17887

                              _____
                              JASON P. BOLOGNA
                              Assistant United States Attorney