IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIM. NO.  02-551-1 |
| v. | : | |
| | : | CIVIL NO. 06-627 |
| DAMON ANDRE DILL | : | |


**SURRICK, J.**                                                          **MAY 6, 2008**


**<u>MEMORANDUM & ORDER</u>**

Presently before the Court is Defendant's Habeas Corpus Motion Under 28 U.S.C. §
2255, (Doc. No. 63), and Defendant's Petition For Entry Of Default, (Doc. No. 66).   For the
following reasons, Defendant's Motion and Petition will be denied.

**I.      BACKGROUND**

On March 12, 2003, Defendant Damon Andre Dill was found guilty by a jury of
possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §
924(c)(1), and possession of cocaine with the intent to distribute, in violation of 21 U.S.C. §
841(b)(1).  (Doc. No. 40.)  On the same day, Defendant was found guilty in a bench trial of
possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  (*Id.*)  On
September 5, 2003, Defendant was sentenced to 322 months in prison followed by six years of
supervised release.  (Doc. Nos. 48, 49.)  The Third Circuit affirmed Defendant's conviction and
sentence and entered a Final Judgment on November 24, 2004.  *See United States v. Dill*, 112
Fed. Appx. 846 (3d Cir. 2004).

On April 4, 2006, Defendant filed a *pro se* Habeas Corpus Motion Under 28 U.S.C. § 2255. (Doc. No. 63.)  On November 28, 2006, Defendant filed a memorandum which included an affidavit from Robert Johnson. (Doc. No. 65.)  Defendant's motion asserts four claims for habeas relief.  Three of these claims allege that he was deprived of his right to effective assistance of counsel at trial. (Doc. No. 63 at 6.)  Specifically, Defendant alleges that the performance of his counsel was constitutionally deficient: 1) in failing to file a petition for a writ of certiorari with the United States Supreme Court following the Third Circuit's entry of Final Judgment; 2) in  failing to renew Defendant's motion for judgment of acquittal at the conclusion of Defendant's case-in-chief; and 3) in failing to call the registered owner of the firearm at issue in this case as a witness for the defense. (*Id.*)  Defendant's fourth claim is that he is innocent of the weapons charges on which he was convicted because he had no knowledge of the presence of the weapon in the closet of the master bedroom where he was arrested. (*Id*. at 7.)

On April 17, 2006, we entered an Order directing the Government to respond to Defendant's motion within thirty days. (Doc. No. 64.)  The Government advises that this order was never received by the attorney who was responsible for this case. (Doc. No. 67 at 2.)  On March 17, 2008, Defendant filed a Petition For Entry Of Default. (Doc. No. 66.)  On March 31, 2008, the Government responded to Defendant's habeas motion, and to the motion for entry of default. (Doc. No. 67.)

II.     **DISCUSSION**

      A.     **Ineffective Assistance of Counsel**

            *1.     Legal Standard*

To establish ineffective assistance of counsel in violation of the Sixth Amendment, a

2

defendant must show that: 1) his or her attorney's performance was deficient, and 2) the deficient performance prejudiced his or her defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient representation, a defendant must show that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." *Buehl v. Vaughn*, 166 F.3d 163, 169 (3d Cir. 1999) (citing *Strickland*, 466 U.S. at 688). To establish prejudice, a defendant must show that "counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 694. Rather, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 695. Under *Strickland*, counsel is presumed to have acted within the range of "reasonable professional assistance," and the defendant bears the burden of "overcoming the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (citation omitted). While a defendant has the right to effective assistance of counsel, courts have explained that the Constitution does not guarantee the right to a perfect trial. *See Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002) ("[T]he court is not engaging in a prophylactic exercise to guarantee each defendant a perfect trial with optimally proficient counsel, but rather to guarantee each defendant a fair trial, with constitutionally competent counsel.").

### 2.   *Failure to Renew Rule 29 Motion*

Defendant argues that his counsel was ineffective when he did not move for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 at the close of evidence. (Doc. No.

63 at 6.)  Counsel did move for judgment of acquittal at the conclusion of the Government's case

as to Count Two, charging violation of § 924(c)(1).  The motion was denied.  (Trial Tr. 124-25,

Mar. 11, 2003.)

Defendant then proceeded to present his case-in-chief, which consisted of reading the

following stipulated facts into the record.

> [I]f Matthew Fede . . . were called to testify, he would testify that he is an agent at
> the Bureau of Alcohol Tobacco and Firearms and that on July 2nd of 2002, he
> conducted a firearms trace of Government's Exhibit 5 . . . which was the firearm that
> was recovered inside the subject premises. . . .  And the firearms trace revealed that
> this firearm was purchased and it was owned by Robert Wesley Johnson, 2701
> Madison Street, Chester, PA., 19013, date of birth 2/2/1976, black male, six foot,
> five, two hundred and sixty pounds. . . .  And it was purchased at Target Master at
> 255 Wilmington West Chester Pike and Route 202 in Chadds Ford, Pennsylvania.
> . . . And it was purchased by Mr. Johnson on December 29th, 1999 and Mr. Johnson
> is the cousin of Damon Dill.

(*Id*. 126-27.)  After offering this stipulation, Defendant rested, without moving for judgment of

acquittal.  (*Id*. at 128.)

Defense counsel's failure to move for a judgment of acquittal on any count following the

close of Defendant's case determined the Third Circuit's standard of review on appeal.  As the

Third Circuit observed, "[w]here a defendant fails to file a motion for judgment of acquittal at

the close of evidence, the issue of sufficiency of the evidence is not preserved for appeal and

hence we review only for plain error."  *Dill*, 112 Fed. Appx at 847.  If counsel had moved for

judgment of acquittal following the close of evidence, the Third Circuit would have reviewed

Defendant's conviction under the "substantial evidence" standard.  Under this standard the court

must determine whether there is substantial evidence when viewed in the light most favorable to

the government to support a jury's finding of guilt beyond a reasonable doubt.  *See Gov't of the*

*Virgin Islands v. Williams*, 739 F.2d 936, 940 (3d Cir. 1984).

After a careful review of the record we are satisfied that defense counsel's failure to move for judgment of acquittal did not prejudice Defendant on appeal. Any possible prejudice suffered by Defendant does not meet the *Strickland* requirement that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 695. Clearly, even if Defendant's conviction were reviewed under the substantial evidence standard, his conviction and sentence would stand.

As the Third Circuit noted in its plain error review, the Government offered extensive evidence to support its theory of Defendant's guilt. The evidence in the record to establish that the residence at 317 West 21st Street in Chester, Pennsylvania, was Defendant's home was overwhelming. Not only was Defendant found asleep in the master bedroom when police entered the residence to execute the warrant, (Trial Tr. 31-32, Mar. 11, 2003), an electric utility bill, a cell phone bill and a credit card bill addressed to Defendant at that address were found in the home. (*Id*. at 39, 83-85, Gov't Ex. 17.) In addition, the evidence established that the 9mm handgun and loaded clip in question were found in the closet in the bedroom where defendant was found sleeping. (Trial Tr. 33-37 Mar. 11, 2003.) Finally, the evidence established that police found 121.1 grams of cocaine in the basement of the residence, as well as two digital scales, a police scanner, small plastic bags, large amounts of currency and a bottle of Inositol, which is a substance typically used to "cut" cocaine. (*Id*. at 51-57, 76-81.) The Government's expert witness testified that the presence of the drugs, the drug paraphernalia, the cash and the gun were consistent with possession of drugs for the purpose of distribution. (*Id*. at 88-102.) The Government argued that the jury could use its "common sense" and conclude from this evidence that Defendant lived in the residence, and that he had dominion and control over the

5

drugs, the gun, and the other items seized from the home. (*See, id.* 128-144.)

Taking the evidence as a whole, and viewing it in the light most favorable to the Government, we conclude that the evidence was more than sufficient to support the jury's verdict of guilty on Counts Two and Three charging possession of a firearm in furtherance of a drug trafficking crime and possession of cocaine with the intent to distribute. The evidence was indeed substantial and Defendant suffered no prejudice on appeal. The outcome under either standard would have been the same.

3.    *Failure To Call Defense Witness*

Defendant also alleges that his counsel's decision to not call Robert Johnson as a defense witness was constitutionally ineffective. The record reflects that Johnson was initially identified by the Government as a potential prosecution witness. (Trial Tr. 11-12, Mar. 10, 2003.) The Government informed the Court that Johnson had given a statement to the police indicating that he was the registered owner of the firearm found the bedroom closet. (*Id*. at 12.) The Government advised that Johnson's statement to the authorities indicated that he had transferred possession of the gun to Defendant because he was on probation in Delaware County at the time. (*Id*.) The Government also advised that on the day that Johnson gave the statement to the authorities he had another firearm in his possession. (*Id*.) Since he was still on probation, if called to testify, Johnson would be put in a position where he could incriminate himself. (*Id*.) Because of these concerns, the Court appointed counsel to represent Johnson. (*Id*. at 12-13.) After speaking with her client, Johnson's counsel informed the Court that, if called as a witness, Johnson would invoke his Fifth Amendment right not to testify. (*Id*. at 16.) Under all of the circumstances Defendant's counsel did not call Johnson as a witness. Rather, counsel entered

6

into a stipulation with the Government which established that Johnson was the registered owner

of the gun found in the closet.

In *Thomas v. Varner*, 428 F.3d 491 (3d Cir. 2005), the Third Circuit addressed how

district courts should proceed in assessing whether an attorney's performance was

constitutionally deficient under the first *Strickland* prong.  In that case, the Court held, *inter alia*,

that:

> [s]imilar to instances in which a court disposes of an ineffective assistance of counsel
> claim by analyzing the prejudice prong without considering whether counsel's
> performance was deficient, it is appropriate for a court to dispose of a case in which
> conduct is objectively reasonable without considering counsel's strategy. . . . Put
> differently, no hearings as to counsel's strategy are necessary in cases in which the
> conduct challenged is objectively reasonable, as courts can simply reject the claims
> on reasonableness grounds.

*Id*. at 501, n. 10.  "To avoid the shoals of ineffective assistance, an attorney's judgment need not

necessarily be right, so long as it is reasonable."  *Gov't of the Virgin Islands v. Weatherwax*, 77

F.3d 1425, 1435 (3d Cir. 1996) (quoting *United States v. McGill*, 11 F.3d 223, 227 (1st Cir.

1993)).  "Judicial scrutiny of counsel's performance must be highly deferential" as "there are

countless ways to provide effective assistance in any given case."  *Strickland*, 466 U.S. at 689.

Clearly, counsel's decision to not call Johnson as a witness was objectively reasonable.

At the time that counsel presented Defendant's case, he was aware of Johnson's intention to

invoke his Fifth Amendment rights if called to testify.  Faced with this reality, defense counsel

sought to develop evidence related to Johnson's ownership of the firearm by way of a stipulation

with the Government.  Defendant's memorandum argues, *inter alia*, that Johnson would have

testified that he brought the firearm at issue into Defendant's home while Defendant was away,

and that he had not made Defendant aware of its presence prior to Defendant's arrest.  (Doc. No.

7

65.)  This memorandum is accompanied by an affidavit from Johnson which provides some support for Defendant's representations.  (*Id.*)  We note, however, that while Johnson states in his affidavit that he was never called to testify by either the Government or Defendant, he does not say that he would have testified if called.  Johnson's affidavit does nothing to contradict his representation to the Court through counsel that he would invoke his Fifth Amendment rights if called to testify at trial.  Moreover, if called to testify, the Government had a statement from Johnson which indicated that Johnson had in fact given the firearm to Defendant.  Under these circumstances, defense counsel had no reasonable basis to believe that he could elicit useful testimony from Johnson.  Counsel's decision to proceed with Defendant's case using the stipulation was perfectly reasonable.

        *4.*      *Failure to File Motion Petition For A Writ of Certiorari*

Defendant alleges that he was denied effective assistance of counsel when his attorney failed to file a petition for a writ of certiorari with the United States Supreme Court.  However, courts in the district have consistently held that failure to file a petition for certiorari is not grounds for granting habeas relief based upon the ineffective assistance of counsel.  *See, e.g., United States v. Ferrell*, 730 F.Supp. 1338, 1340 (E.D.Pa. 1989); *United States v. Sawyer*, Crim. No. 99-35-02, 2005 WL 2085225, at *1 (E.D.Pa. Aug 25, 2005); *United States v. Colon*, Crim. No. 99-291, 2002 WL 32351175, at *6 (E.D.Pa. Aug. 12, 2002).  These decisions are consistent with the Supreme Court's recognition of the fact that the Constitution does not guarantee a right to counsel to pursue discretionary appellate review.  *See Ross v. Moffit*, 417 U.S. 600, 617 (1974); *Wainwright v. Torna*, 455 U.S. 586, 587 (1982).  Since Defendant had no constitutional right to counsel to pursue his discretionary appeals, his attorney's failure to petition for a writ of

certiorari cannot form the basis for a constitutional violation.

      **B.**      **"Actual Innocence"**

Defendant alleges that he is actually innocent on the firearm possession counts, and argues that the affidavit from Johnson which is attached to his memorandum demonstrates a "lack of knowledge" that there was a gun in his residence at the time of his arrest. "Actual innocence," as Defendant couches his fourth claim, is not an independent grounds for relief under § 2255. *See* 28 U.S.C. § 2255(a) (identifying grounds for relief). A claim or argument challenging a defendant's conviction and sentence should be raised on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622 (defendant's claims "can be attacked on collateral review only if first challenged on direct review."). Failure to do so creates a procedural default as to that issue. *United States v. Jenkins*, 333 F.3d 151, 154-55 (3d Cir. 2003). In the context of § 2255, the Supreme Court has held that "actual innocence" is one of two exceptions to the procedural default rule. *Bousley*, 523 U.S. at 622 ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'") (internal citations omitted). Defendant has identified no procedurally defaulted independent claim to which the "actual innocence" exception might apply.

In any event, under the actual innocence exception, a petitioner who failed to raise a cognizable § 2255 claim in his or her direct appeal may nevertheless raise the issue collaterally if the alleged constitutional error "has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478 496 (1986). To advance a claim under the "actual innocence" exception to the procedural default rule, a movant must "'persuade[ ] the district

9

court that, in light of the new evidence, no juror, acting reasonably, would have voted to find

him guilty beyond a reasonable doubt.'" *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *see also*

*Sweger v. Chesney*, 294 F.3d 506, 522-23 (3d Cir. 2002) (internal citations omitted).

Defendant's claim of actual innocence relies on the affidavit from Johnson. The affidavit

does not aver that Defendant was not aware of the firearm in his residence at the time of his

arrest. Rather it states that Johnson never informed Defendant that he had left the gun in his

closet. At trial, the Government established Defendant's constructive possession of the gun in

his closet through circumstantial evidence. (*See* Trial Tr. 143-44 Mar. 11, 2003 (closing

argument of Mr. Fetterman).) The Government did not offer evidence of Defendant's actual

possession of the gun, but rather asserted that the presence of the gun in close proximity to

Defendant in the bedroom along with all of the other evidence in the case allowed the jury to

infer that Defendant was in constructive possession of the weapon.

Johnson invoked his Fifth Amendment right not to testify at trial. If Johnson had testified

to substantially the same facts that are contained in his affidavit, his contention that he had not

informed Defendant of the presence of the gun even if believed, would not have materially

refuted the Government's theory of the case, nor contradicted any of the evidence it offered at

trial. Moreover, if Johnson had testified at trial he would have been impeached by the

Government based upon the statement that he gave to the ATF agent that he had given the

weapon to Defendant because he was on probation in Delaware County. Finally, the jury was

aware of the fact that Johnson was the registered owner of the firearm. It was also aware of the

fact that Johnson was Defendant's cousin. Under the circumstances we can not conclude that if

Johnson had testified at trial, no reasonable juror would have convicted Defendant.

### C.     Default Judgment

Defendant has also moved for entry of default judgment against the Government because of its failure to timely respond to his petition for relief.  (Doc. No. 66.)  Federal Rule of Civil Procedure 55(d) states that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."  Fed. R. Civ. P. 55(d); *see also United States v. Zulli*, 418 F.Supp. 252, 253 (E.D.Pa. 1975) (movant's evidence insufficient to establish claim for relief); *Turner v. Reich*, Civ. No. 93-3369, 1994 WL 709361 at *1-2 (E.D.Pa. Dec. 21, 1994) (same).  Moreover, as several courts have noted, the presumption against entry of a default judgment against the Government is particularly strong when the moving party is a convicted criminal seeking habeas relief: "[W]ere district courts to enter default judgments without reaching the merits of [a habeas] claim, it would be not the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them."  *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984); *see also Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987).

We have concluded that Defendant's claims are without merit.  A default judgment against the Government in this matter would be completely inappropriate.

### D.     Certificate of Appealability

Finally, the Government requests an order that no certificate of appealability issue with regard to Defendant's § 2255 claims.  In the Third Circuit, Local Appellate Rules instruct:

> At the time a final order denying a petition under 28 U.S.C. § 2254 or § 2255 is issued, the district judge shall make a determination as to whether a certificate of

appealability should issue. If the district judge issues a certificate, the judge shall state the specific issue or issues that satisfy the criteria of 28 U.S.C. § 2253. If an order denying a petition under § 2254 or § 2255 is accompanied by an opinion or a magistrate judge's report, it is sufficient if the order denying the certificate references the opinion or report.

Third Circuit L.A.R. 22.2.  Under 28 U.S.C. § 2253, a petitioner seeking a certificate of appealability must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As discussed above, Defendant has raised no viable claims.  Therefore, a certificate of appealability will not issue.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
                                  :          CRIM. NO.  02-551-1
          v.                      :
                                  :          CIVIL NO. 06-627
DAMON ANDRE DILL                  :

## ORDER

AND NOW, this 6th day of May, 2008, upon consideration of Defendant's Habeas

Corpus Motion Under 28 U.S.C. § 2255, (Doc. No. 63), Defendant's Petition For Entry Of

Default, (Doc. No. 66), and the Government's response thereto, (Doc. No. 67), it is ORDERED

that:

    1.      Defendant's Habeas Corpus Motion Under 28 U.S.C. § 2255 is DENIED;

    2.      Defendant's Petition For Entry Of Default is DENIED;

    3.      No Certificate of Appealability shall issue.

    IT IS SO ORDERED.


                                        BY THE COURT:



                                        _____

                                        R. Barclay Surrick, Judge